UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00189-LLK

**JERETT DENKINS**                                                                                       **PLAINTIFF**

**v.**

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff's fact and law summaries is at Docket # 14, and Defendant's fact and law summary is at Docket # 19. This matter is ripe for determination. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 7).

Plaintiff argues that the administrative law judge (ALJ) erred in giving great weight to the opinion of the Commissioner's non-examining source that he can perform light work. The argument is unpersuasive due to lack of any other opinion in the administrative record regarding what Plaintiff can still do despite his impairments and because there is no indication that subsequent evidence rendered the non-examining source opinion untenable.

Therefore, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The ALJ's decision on Plaintiff's disability claim

Plaintiff alleges disability due to degenerative disc disease, carpal tunnel syndrome, and obesity. (Administrative Record ("AR"), p. 145).

1

In October 2014, Donna Sadler, M.D., reviewed the available medical evidence at the request of the Commissioner and completed the standard physical assessment form consistently with an ability to perform light work. (AR, pp. 288-90).

At the May 2016 administrative hearing, the vocational expert (VE) testified that an individual having Plaintiff's age, education, and work experience, who is restricted to light work, could perform a significant number of jobs in the national economy, including laundry folder, monogram machine tender, and electrical equipment inspector. (AR, p. 201). The VE further testified that, if restricted to sedentary work, the individual could perform the jobs of small product sorter, escort vehicle driver, and jewelry stone setter. (AR, p. 202). If restricted to only occasional use of the hands for fine manipulative tasks such as handling and fingering, the individual could still do the jobs identified above except that the light inspector job would have to be replaced with the job of children's attendant and the sedentary setter job would have to be replaced with the job of surveillance systems monitor. (*Id.*). The jobs allow for some alternate sitting/standing provided the individual can sit and stand for at least 30 minutes at a time. (*Id.*).

In her June 2016 decision, the ALJ found that "[l]acking any function-by-function work limitations set forth by any treating source, the undersigned gives great weight to [Dr. Sadler's] determination." (AR, p. 152). The ALJ found that Plaintiff is able to perform light work (AR, p. 146) and concluded that he is not disabled because, although he can no longer perform past relevant work, he retains the ability to perform a significant number of jobs in the national economy (AR, p. 154). Examples of such jobs are light laundry folder, monogram machine tender, and electrical equipment inspector. (AR, p. 154).

**Plaintiff's argument is unpersuasive.**

Plaintiff argues that the ALJ erred in giving "great" weight to Dr. Sadler's October 2014 opinion (AR, p. 152) because it failed to take into account significant post-October 2014 medical evidence. Specifically, it did not take into account evidence from board-certified neurologist Thomas Gruber, M.D. (AR, pp. 799-813), board-certified doctor of nursing practice, family nurse practitioner (DNP, FNP-BC) M.

2

Shane Rust (AR, pp. 718-98, 814), certified physician's assistant (PA-C) Reetha Guminski (AR, pp. 101, 815-22), and Lourdes Physical Therapy (AR, pp. 206-35, 841-71).

In a "to whom it may concern" letter from April 2016, Dr. Rust opined that Plaintiff will not recover enough to resume the physically demanding duties of his job as an electrician due to low back and neck pain, with radiation of pain, numbness, and tingling into his legs and hands. (AR, p. 814). In April 2016, PA Guminski opined similarly. (AR, pp. 815-16). The ALJ found that Plaintiff cannot perform his past relevant work as an electrician, which was medium. (AR, p. 153).

Plaintiff's argument is unpersuasive for three reasons.

First, the above medical evidence consists of raw medical findings that contains no medical opinion regarding what Plaintiff can still do despite his impairments (i.e., his function-by-function work limitations). *See* 20 C.F.R. § 404.1527(a)(2) (Treatment notes do not qualify as medical opinions unless they "reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Neither Plaintiff, the ALJ, nor the Court has the medical expertise necessary to opine whether the raw medical findings do or do not preclude light work. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726 (6th Cir. 2013) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, ... the ALJ was simply not qualified to interpret raw medical data in functional terms").

Second, even if the evidence does, in fact, preclude light work, it does not necessarily preclude a limited range of sedentary work. As noted above, the VE testified that a significant number of jobs remain even if Plaintiff is restricted to sedentary work, with only occasional use of the hands for fine manipulative tasks, and with some need for alternate sitting/standing. (AR, p. 202).

Third, because the only medical opinion in the administrative record regarding what the claimant can still do despite his impairments was given by the non-examining source, the ALJ was not required (before crediting that opinion) to give a particularly good analysis of the subsequent medical evidence

3

that might undermine it. There will always be a gap between the time the agency experts review the record and give their opinions and the time the ALJ's decision is issued. *Kelly v. Comm'r*, 314 F. App'x 827, 831 (6th Cir. 2009). "Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand." *Id.*

As indicated above, the ALJ gave great weight to Dr. Sadler's findings, in part, due to a lack of any "function-by-function work limitations set forth by any treating source." (AR, p. 152). The situation would have been different if Plaintiff's treating source(s) had given a medical opinion of what he can still do despite his impairments. Thus, in *Blakley v. Comm'r*, 581 F.3d 399, 409 (6th Cir. 2009), the Sixth Circuit held that an ALJ may not credit the opinion of a non-examining source over that of the treating source where the non-examining source opinion was given before the treating-source opinion and before hundreds of pages of treatment records came into existence, which the non-examining source could not have taken into account. "[B]ecause much of the over 300 pages of medical evidence reflects ongoing treatment and notes by Blakley's treating sources, we require some indication that the ALJ at least considered these facts before giving greater weight to an opinion that is not based on a review of a complete case record." *Id.*

Plaintiff's relies on *Jones v. Comm'r*, 808 F.Supp.2d 993 (E.D. Ky. 2011), and *Hollins v. Comm'r*, 780 F.Supp.2d 530 (E.D. Ky. 2001), in support of a remand. (Docket # 14, p. 4). Those cases are distinguishable for the same reason *Blakley* is distinguishable, i.e., there was no treating-source opinion regarding what Plaintiff can still do despite his impairments.

**The ALJ did not err in finding that Plaintiff has no severe mental impairment.**

Finally, Plaintiff argues that the ALJ's finding that he has no severe, or vocationally significant, mental impairment (AR, pp. 145-46) was unsupported by substantial evidence. However, the mere existence of a medically-determinable impairment does not establish a severe impairment. *Despins v. Comm'r*, 257 F. App'x 923, 930 (6th Cir. 2007). An impairment is severe if it significantly limits a claimant's

physical or mental ability to do basic work activities and lasts for at least 12 continuous months. *See* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), (c). "When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs." Section 404.1522(b). From a mental perspective, "basic work activities" includes: "(3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting." *Id.* The claimant carries the burden of proof on issues related to the severity determination. *Jones v. Comm'r*, 336 F.3d 469, 474 (6th Cir. 2003).

On April 26, 2016, PA Guminski examined Plaintiff. On that same date, apparently based on the history he gave the PA, the PA suggested that Plaintiff may have bipolar disorder or a mood disorder and started "intervention with medication." (AR, pp. 815-18). In October 2014, Ann Hess, Ph.D., reviewed the available psychological evidence at the request of the Commissioner, diagnosed an anxiety disorder (worsened by physical problems), and concluded that it was "non-severe and would not significantly impact [Plaintiff's] capacity to perform mental demands of basic work activity." (AR, pp. 286-87).

The ALJ recognized the findings of the PA and Dr. Hess and that Plaintiff has taken psychotropic medication (Vistaril and Lamictal). (AR, pp. 145-46). The ALJ discounted the PA's opinion based on a "one-time evaluation" (AR, p. 153) and found that Plaintiff failed to prove that he suffers from a severe mental impairment satisfying the 12-month duration requirement, in part, because he has never been engaged in outpatient mental health treatment or required inpatient psychiatric treatment (AR, p. 145). The ALJ's finding that Plaintiff has no severe mental impairment was, therefore, supported by substantial evidence.

**Order**

The Commissioner's final decision denying Plaintiff's disability claim is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.